BENJAMIN B. WAGNER
United States Attorney
MATTHEW G. MORRIS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN ROBERT BENSON,<br><br>Defendant. | CASE NO.  2:12-CR-423-GEB<br><br>GOVERNMENT SENTENCING MEMORANDUM<br><br>DATE: December 12, 2014<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

The government submits the following sentencing memorandum to the Court in anticipation of sentencing in this case.

## I.     INTRODUCTION

The events underlying the count of conviction are contained in the PSR at paragraphs 6-10.  In summary, after the victim in this case was arrested for DUI, the defendant, an Anderson Police Department officer, transported her to jail.  PSR ¶ 6.  Before arriving at the jail, the defendant stopped in a parking lot, falsely claimed to his dispatch that he had arrived at the jail, removed the victim from the police car, and undressed her.  PSR ¶ 7.  He engaged in an act of vaginal intercourse against the side of the car.  *Id*.  The victim later developed bruising on her thigh and arm that were consistent with the intercourse as she described it.  PSR ¶ 10.

The defendant was fired from his position with the Anderson Police Department as a result of the conduct underlying the conviction.  PSR ¶ 51.  He was arrested by the Redding Police Department and

charged with state crimes related to this conduct. PSR ¶ 11. The defendant pled guilty in state court and was sentenced to 365 days in jail and three years of probation. PSR ¶ 35. He was investigated by the FBI and subsequently indicted in 2012 by the grand jury in the Eastern District of California for the conduct. PSR ¶ 14.

The defendant entered a timely guilty plea prior to trial on May 30, 2014. Pursuant to his plea agreement, he pled guilty to a single count of deprivation of rights under color of law in violation of 18 U.S.C. § 242. The parties entered into a binding agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If the Court accepts the agreement, the joint recommendation of 5 years in prison will become binding on the Court. If the court rejects the plea agreement, the court "must do the following on the record and in open court (or, for good cause, in camera): (A) inform the parties that the court rejects the plea agreement; (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." Fed. R. Crim. P. 11(c)(5). The defendant has been in home confinement since his release on April 9, 2013. PSR ¶ 5.

## II.   RECOMMENDATION

The government urges the Court to accept the parties' plea agreement and sentence the defendant to 60 months of prison, to be followed by the maximum term of supervised release, or 36 months. The guidelines in this case are driven almost entirely by the "nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). Balancing against a guideline sentence of 120 months are other sentencing factors that led the government to enter this agreement. Those factors are set out below.

### A.   The History and Characteristics of the Defendant

Not only does the defendant score a criminal history score of 0 points, the defendant has not criminal record whatsoever until the one incident that has resulted in this, his second conviction. In addition, the defendant was a public servant prior to the crime of conviction. This fact cuts both ways: his crime therefore reflects a betrayal of the public's trust in him (and results in a very high offense level under the guidelines), but his history of public service also should be considered by the Court in evaluating the history and characteristics of the defendant and the potential that he can be rehabilitated

to once again return to a productive adult life.  To be sure, his days of being a police officer are (rightly) behind him forever.

As documented by the defendant's sentencing memorandum, a trial in this case would have necessarily involved the re-victimization of the defendant.  This is true for two reasons: first, simply retelling the story of the events of that night would have been potentially traumatic for the victim.  The government believes that the victim will ask to allocate at sentencing, and that the Court will be provided insight into that trauma.  Second, the facts of this case would have resulted in a particularly painful cross examination.  While there was never a factual dispute that sexual intercourse had occurred, the focus of the trial would likely have been on whether there was consent.  In such a case as this, the credibility of the witnesses – particularly the victim – becomes a major focus of the trial.  A significant portion of the trial would have been spent with the victim's life being scrutinized and her credibility being questioned.  This would have been a particularly painful trial for this victim.

The defendant correctly notes that the Court can and should consider the fact that his plea before trial saved the victim from what would likely have been an intensely traumatic experience.  This can be considered among the history and characteristics of the defendant that the Court must consider.  See, e.g., 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.")

In addition, the defendant is likely to be subject to additional abuse in prison because of his status as a former police officer.  This was found to be an acceptable basis for a departure in pre-*Booker* sentencing in a similar case, and would likewise make for an appropriate basis for a variance post-*Booker*.  *Koon v. United States*, 518 U.S. 81 at 116 (1996).

**B.     Respect for the Law, Punishment, Seriousness of the Offense**

Five years, served on top of the year already spent in prison by this defendant, is sufficient to promote respect for the law, adequately punish this single offense, and to reflect the seriousness of the offense.

**C.     Deterrence and Protection from Further Crimes**

In the case of a first offender, a sentence greater than five years does not serve any additional

GOV'T SENT MEMO                                          3

marginal deterrent effect, nor does a longer sentence seem necessary to protect the public from further crimes by the defendant. It is now four and one half years since the offense conduct. In those four years, the defendant has served approximately a year in state custody, was held for approximately four months in pretrial detention in this case, and has been on house arrest for over 18 months. In the context of a defendant with no prior arrests (let along convictions), there seems to be no additional marginal deterrent or incapacitating effects of a sentence longer than five years. If the defendant does not "get it" at this point, he will not. But the record seems to show that the defendant does "get it." He has been well behaved on pretrial supervision since his release 18 months ago. PSR ¶ 5. Successive state and federal prosecutions for the same conduct were found to be a basis for a departure pre-*Booker* in a case under Section 242, and would be a basis for a variance in the post-*Booker* sentencing environment. *Koon*, 518 U.S. at 116.

### D.     The Need to Avoid Unwarranted Sentencing Disparities

Cases of this sort are, thankfully, rare. Case-by-case comparisons are never perfect. However, a sentence of 60 months is consistent with other reported cases under 18 U.S.C. § 242. *See, e.g., United States v. McGowan*, 668 F.3d 601 (9th Cir. 2012) (sentence of 41 months for prison guards who assaulted inmates) (reversed on other grounds); *United States v. Koon et al.*, C.D. Cal. # CR 92 686 JGD (30 months).

### III.     CONCLUSION

The nature of the offense results in guidelines higher than the statutory maximum. The other statutory sentencing factors weigh in favor of a sentence below that statutory maximum. A trial in this case would have been highly traumatic for the victim. The defendant's acceptance of responsibility prevented that re-victimization. The defendant has served over a year in prison already, lost his job, has declared bankruptcy, and will never again work in law enforcement. He has been compliant on release and has been in home detention for more than 18 months. The factors contained at 18 U.S.C. § 3553(a) will not better served if the Court rejects the plea agreement and the defendant withdraws his plea. In the context of this defendant, under the circumstances of this crime, the government believes that a sentence of 5 years is sufficient but not greater than necessary to accomplish the statutory requirements contained at Section 3553.

The government joins the defendant in requesting that the Court accept the parties' plea agreement, sentence the defendant to five years of imprisonment, to be followed by the maximum three years of supervised release. Upon the expiration of that supervised release, the defendant will be approximately 38 years old. His adult life, from the age of 26 to the age of 38, will have been spent atoning for his actions on one night: May 29, 2010. The sentence contemplated by the plea agreement is the appropriate sentence under the statutory factors.

Dated: December 8, 2014

BENJAMIN B. WAGNER
United States Attorney

By: /s/ MATTHEW G. MORRIS
MATTHEW G. MORRIS
Assistant United States Attorney